

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVELIN GLOBAL COMMODITIES (UK)
LTD.,

              Plaintiff,

      -against-

INVESTMENT MINING GROUP LLC,

              Defendant.

21-CV-7462 (DLC) (BCM)

**SCHEDULING ORDER FOR
DAMAGES INQUEST**

**BARBARA MOSES, United States Magistrate Judge.**

WHEREAS, the Clerk of Court has entered a certificate of default (Dkt. No. 23) against defendant Investment Mining Group LLC (Defaulting Defendant); and

WHEREAS, the District Judge has issued an Order (Dkt. No. 34) entering a default in plaintiff's favor against Defaulting Defendant; and

WHEREAS, the District Judge has issued an Order of Reference (Dkt. No. 35) referring this action to Judge Moses to conduct an inquest and issue a report and recommendation concerning plaintiff's damages with respect to the Defaulting Defendant;

It is hereby ORDERED that:

1.    <u>Proposed Findings of Fact and Conclusions of Law</u>. **No later than March 28, 2022**, plaintiff shall file its Proposed Findings of Fact and Conclusions of Law concerning all damages and other monetary relief permitted in connection with a default judgment against Defaulting Defendant. The Proposed Findings of Fact and Conclusions of Law shall contain a concluding paragraph that succinctly summarizes the exact dollar amount of the damages (or other monetary relief) sought, as well as the precise terms of any non-monetary relief sought.

2.    <u>Damages</u>. Plaintiff must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v.*

*Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if plaintiff seeks actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of plaintiff's request for damages or other relief must be in admissible form. Each proposed finding of fact shall be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that support each such proposed finding. In addition, the Proposed Findings of Fact should demonstrate how plaintiff has arrived at the proposed damages figure and should specifically tie the proposed damages to its legal claim(s).

3.      Jurisdiction. Before a judgment can be entered and damages or other relief can be awarded, even after default, the Court must be satisfied that it has personal jurisdiction over Defaulting Defendant, *see Sheldon v. Plot Commerce*, 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Lliviganay v. Cipriani 110 LLC*, 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"); *Orellana v. World Courier, Inc.*, 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where there was "no indication on the docket that [defendant] has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him"), *report and recommendation adopted*, 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010), and subject-matter jurisdiction over the action. *See Sheldon*, 2016 WL 5107072, at *9 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998)) ("[C]ourts may not reach the merits of a claim before establishing subject matter jurisdiction[.]").

Plaintiff is advised that failure to adequately establish service as to Defaulting Defendant may result in denial of plaintiff's request for a damages judgment.

4.      <u>Liability</u>. The Court must also be satisfied that the well-pleaded allegations contained in the Complaint, which are taken as true after default, are sufficient to state a claim against Defaulting Defendant. *See Sheldon*, 2016 WL 5107072, at *5 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("[T]he court may, on plaintiff's motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true[.]"). The Proposed Conclusions of Law must demonstrate, with reference to specific factual allegations contained in the Complaint, that those allegations are sufficient to establish Defaulting Defendant's liability for each cause of action asserted against it.

5.      <u>Attorneys' Fees</u>. Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiff must also submit admissible evidence identifying each attorney or other timekeeper and describing his or her background and qualifications, as well as evidence documenting plaintiff's costs and expenses.

6.      <u>Brief in Lieu of Conclusions of Law</u>. In lieu of Conclusions of Law, plaintiff may submit a memorandum of law setting forth the legal principles applicable to (a) the Court's jurisdiction and Defaulting Defendant's liability in accordance with paragraphs 3-4 of this Order;

and (b) its damages claims (including but not limited to the legal basis for any claim for interest or attorney's fees).

7.    <u>Service</u>. Prior to filing, plaintiff shall serve Defaulting Defendant by mail at its last known address with plaintiff's Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiff shall file proof of such service along with its Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(c) ("all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court").

8.    <u>Opposition</u>. **No later than April 18, 2022**, Defaulting Defendant shall serve upon plaintiff's counsel and file with the Court its responses, if any, to plaintiff's Proposed Findings of Fact and Conclusions of Law and supporting materials.

9.    <u>Inquest on Written Submissions</u>. The Court hereby notifies the parties that it may conduct the inquest based solely upon the written submissions of the parties. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("affidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the . . . sum" without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 524, 526–27 (S.D.N.Y. 2012) (adopting magistrate judge's report and recommendation on damages, issued after referral for inquest into damages following default judgment against defendant, without an evidentiary hearing). To the extent any party seeks an evidentiary hearing on the issue of damages or other monetary relief, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written

submissions alone, including a description of what witnesses would be called to testify at a hearing, and the nature of the evidence that would be submitted.

Dated: New York, New York
       February 28, 2022

                    **SO ORDERED**.

                    **BARBARA MOSES**
                    **United States Magistrate Judge**