```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JAVELIN GLOBAL COMMODITIES (UK) LTD.,    :
                                         :
                    Plaintiff,           :    21cv7462(DLC)
                                         :
             -v-                         :    OPINION AND
                                         :       ORDER
INVESTMENT MINING GROUP LLC,             :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Michael Lee Murphy
Bailey & Glasser LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007

For defendant:
Victoria Elena Paladino
Robinson & Henry, PC
1805 Shea Center Drive, Suite 180
Highlands Ranch, CO 80403

DENISE COTE, District Judge:

On February 25, 2022, the Court entered a default in favor of the plaintiff Javelin Global Commodities (UK), Ltd. ("Javelin") against the defendant Investment Mining Group, LLC ("IMG"). The action was referred to Magistrate Judge Barbara Moses for an inquest and Report and Recommendation ("Report") as to damages. On December 30, 2024, Judge Moses issued her Report. IMG has filed objections to the Report. For the

following reasons, the Report's recommendations are adopted in full and judgment is entered against IMG.

## Background

The facts that follow are drawn from the Complaint and the parties' submissions. Only the facts necessary to resolve IMG's objections are stated.

Beginning in December 2018, Javelin agreed to provide financing to IMG to develop the West Virginia coal mine known as the Point Lick Mine. On February 25, 2019, IMG entered into a Master Lease Agreement with Macquarie Corporate and Asset Funding Inc. ("Macquarie") to lease over a dozen excavators and trucks (the "Equipment") for work at the Point Lick Mine. IMG agreed to pay Macquarie rent in installments over the next five years and to maintain the equipment in good repair. Javelin guaranteed the Master Lease.

IMG failed to make payments to Macquarie. Javelin paid Macquarie on IMG's behalf and on October 15, 2020, Javelin subleased the Equipment back to IMG (the "Sublease"). Accordingly, IMG owed rent payments directly to Javelin, as Sublessor.

Thereafter, IMG failed to pay Javelin, which sent IMG notices of default setting a final due date for payment of rent of July 31, 2021. When that date passed, Javelin terminated the

Sublease, and on August 25 it demanded that IMG pay all missed rental payments immediately. Javelin alleged in its Complaint that during this time, "IMG refuse[d] to provide Javelin's employees with access sufficient to take possession of the [Equipment]."

Javelin initiated this action on September 7, 2021, asserting claims against IMG for, among other things, breach of the Sublease. Javelin sought money damages for unpaid rent and failure to maintain the Equipment, as well as injunctive relief allowing Javelin to repossess the Equipment.

IMG waived service on December 1, 2021. IMG never appeared and an Order of February 25, 2022 entered a default against IMG and referred the matter to Judge Moses for an inquest. On March 28, 2022, Javelin filed its Proposed findings of Fact and Conclusions of Law concerning damages permitted in connection with a default judgment against IMG.

On April 28, 2022, the Court ordered IMG to identify "the precise location" of the Equipment and to permit Javelin to "take possession" of it. The Court further directed Javelin to submit any additional evidence detailing damages amounts by July 5, 2022.

In a letter dated May 12, IMG notified Javelin that "all Macquarie Equipment remains situated at the Point Lick mine

3

site" and that IMG had "observed that Javelin has hired 24-hour security and that the security firm" was now "on site with the equipment." Javelin entered the Point Lick Mine site and took possession of the Equipment on or around May 20, 2022.

Additionally, following several extensions, on December 2, 2022, Javelin filed a Submission of Additional Evidence, supported by a declaration of Jason Haas, Javelin's Vice President of Finance. An Order on that day directed IMG to file any opposition by December 16. After an extension was granted, IMG filed an opposition brief on December 29 that did not attach any evidence. Accordingly, on January 10, 2023, the Court ordered IMG to submit any evidence in support of its opposition by February 3, 2023, and re-referred the case to Judge Moses for an inquest.

IMG did not file any evidence in opposition. On February 3, however, Javelin filed a brief listing its witnesses to the extent that a hearing needed to be held. Additionally, Javelin advised the Court of its ongoing discussions with Macquarie over a buyout of the Equipment and Javelin's efforts to re-lease the Equipment to a third-party. Javelin's discussions with Macquarie had begun in October 2022, it said, and it had reached an agreement for a buyout to be effective on March 1, 2023.

4

On February 7, 2023, Judge Moses held a conference. The parties agreed that no hearing was necessary. IMG asked for and was given the opportunity to file a late sur-reply brief limited to the issue -- raised by Javelin's February 3 filing -- of whether Javelin had mitigated its damages by exercising an early buyout and its ongoing efforts to re-lease the Equipment to a third-party. IMG assured Judge Moses that it did not propose putting in new evidence. The record before Judge Moses closed on February 21, 2023.

On December 30, 2024, Judge Moses issued her Report, recommending that Javelin be awarded judgment on its breach of contract claim in the amount of: (i) $2,596,205 in unpaid rent; (ii) $189,915 in default interest on the unpaid rent accrued between August 13, 2021, and May 20, 2022; and (iii) additional default interest at a rate of 12% ($853.55 per day) from May 21, 2022, until the date on which the final judgment is entered. IMG filed objections to the Report on January 15, 2025. Javelin opposed IMG's objections on January 28, and IMG filed a reply on February 3.

## Discussion

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

5

§ 636(b)(1)(C).  To the extent that the magistrate judge's findings or recommendations are not objected to, they are reviewed only for clear error.  Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022).  A court must make a de novo determination of the portions of the report to which a party objects.  28 U.S.C. § 636(b)(1); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

A "default is an admission of all well-pleaded allegations against the defaulting party." Henry v. Oluwole, 108 F.4th 45, 55 (2d Cir. 2024) (citation omitted).  Those allegations "with respect to the amount of the damages," however, "are not deemed true," and instead a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  The plaintiff bears the burden to prove an entitlement to damages.  See id.

The Court has reviewed the Report and adopts its calculations of the damages owed to Javelin.  There is no clear error in any of the calculations and the parties do not object to them.

IMG timely objected to the Report.  Its objection is reviewed de novo.  See 28 U.S .C. § 636(b)(1)(C).  IMG contends that the Report erred in assuming that IMG had refused Javelin

access to the Equipment.  IMG asserts that the Report should have found that Javelin failed to pick up the machinery during the nine months between August 20, 2021 and May 20, 2022, and thereby failed to mitigate its damages.  IMG argues that Javelin could have re-leased this machinery during this nine-month period and recouped lost rent.

There are several problems with this objection.  The first is that IMG did not present this argument -- that Javelin failed to mitigate its damages during the nine-month period -- to Judge Moses.  Because IMG did not make this argument, Judge Moses had no opportunity to make the findings of fact which IMG complains were omitted from her Report.  This argument is therefore forfeited.[1]  Iacob v. http://re.brooklyn-flatbush.com/midtown-renter-hit-with-300k-lawsuit-for-using-airbnb/, No. 1:18cv11829 (MKV), 2020 WL 2570358, at *1 (S.D.N.Y. May 21, 2020) (collecting cases).

The second impediment to IMG's objection is that the factual record available to Judge Moses does not support its

---

[1] IMG did make an argument before Judge Moses in its February 21, 2023 sur-reply which it labeled a "mitigation" argument.  That argument was limited, however, to the issue of whether Javelin could have negotiated a buyout of the Equipment with Macquarie, effective March 1, 2023, and Javelin's efforts to re-lease the Equipment to a third party after it took possession of the Equipment in May of 2022.  IMG's argument was addressed in a footnote in the Report and IMG does not object to the Report's rejection of its argument.

7

argument.  This lawsuit was brought in September of 2021, in part, to get access to the Equipment.  While Javelin had a contractual right to the Equipment, the complaint asserted that IMG had refused Javelin's employees access "sufficient to take possession" of the Equipment and sought an injunction to allow repossession.  IMG did not answer the complaint or deny in any way its assertions.  On March 8, 2022, following entry of a default on February 25, 2022, Javelin sought that injunctive relief from the Court.  On April 28, 2022, the Court ordered IMG to allow Javelin to take possession of the Equipment, which Javelin was only able to do, per the December 2, 2022 declaration of Javelin's Jason Haas, on May 20.  If IMG wished to contest Javelin's assertion that it needed an injunction to take physical possession of the Equipment, IMG had an opportunity to submit such evidence during the inquest.  It did not do so.  Indeed, it agreed at the February 7, 2023 conference that an evidentiary hearing was unnecessary and that it would not be submitting evidence.  Accordingly, on de novo review, the record establishes that even if Javelin owed a duty to mitigate its damages, it could not do so until it obtained a court order and took possession of the equipment in May of 2022.

   IMG argues that the record before Judge Moses establishes that Javelin had "knowledge" of where the Equipment was since at

8

least "August 31, 2021." But, even if Javelin knew generally where the Equipment was, it needed to obtain a court order to take physical possession of and remove the Equipment from IMG. Indeed, the Complaint asserted that IMG had refused to provide Javelin's employees with access sufficient to take possession of the Equipment. None of the materials before the Magistrate Judge call into question what the record makes clear: that Javelin was unable to take possession of the Equipment until May 20, 2022.

Finally, IMG attaches to its reply brief in this Court a February 3, 2025 affidavit from its owner asserting that Javelin had a right to possess the Equipment following the termination of the Sublease in August 2021 and that neither he nor anyone else at IMG ever "told" Javelin that it could not "have access" to the Equipment. Of course, the issue of Javelin's contractual right to take possession of the Equipment is not in dispute. The issue of whether Javelin could enter the Point Lick Mine and safely remove tons of heavy machinery without risk to its employees and agents is the question. Javelin sought an injunction to permit it to do so. At no point during the earlier proceedings before this Court or before Judge Moses did IMG take the opportunity to present evidence similar to that included in the February 3, 2025 affidavit. Had it done so,

9

Javelin would have been given an opportunity to respond, and if a dispute existed, Judge Moses would have held a hearing and engaged in fact finding. A district court is not required to consider new evidence raised in objections to a magistrate judge's report and recommendation, particularly where the party offers "no justification" for not offering the evidence before the magistrate judge. Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 894 F.2d 36, 40 n.3 (2d Cir. 1990).[2]

## Conclusion

The December 30 Report is adopted in full. The Clerk of Court shall enter judgment for the principal amount of (i) $2,596,205 in unpaid rent, together with (ii) $189,915 in default interest on the unpaid rent accrued between August 13, 2021, and May 20, 2022, and (iii) additional default interest at a rate of 12% ($853.55 per day) from May 21, 2022, until the

---

[2] IMG argues that it was denied a full opportunity to present mitigation evidence during the inquest before Judge Moses. IMG is mistaken. It had until February 3, 2023 to submit evidence to Judge Moses, yet it failed to do so. IMG's new evidence is untimely and is offered in support of an argument that IMG did not make to Judge Moses.

10

date on which the final judgment is entered. Javelin's February 4, 2025 motion to strike IMG's reply is dismissed as moot. The Clerk of Court shall close the case.

Dated:   New York, New York
         February 12, 2025

_____
DENISE COTE
United States District Judge